THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil File No:

WILLIAM DARDEN,  )
               Plaintiff, )
               )
v.  )   COMPLAINT
               )   2:04-cv-30-BO(1)
MARYBETH PETERS, )
REGISTER OF COPYRIGHTS, )
             Defendant. )

FILED SEP 0 7 2004

## PARTIES

1. William Darden is a resident of Hertford County, North Carolina.

2. Defendant is the Register of Copyright for the Copyright Office and is an officer or employee of the United States, and is the necessary defendant to this lawsuit pursuant to 17 U.S.C. §701(e).

## JURISDICTION AND VENUE

3. Plaintiff resides in this judicial district and no real property is involved in this Action.

4. The Court has subject matter jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 703.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

## FACTS

6. This is an appeal from a final agency action adverse to Plaintiff, namely, the Copyright Office's refusal to register Plaintiff's copyrights in certain maps and in how those maps are used in Plaintiff's internet website.

1

7. Plaintiff owns a national real estate appraiser referral service, APPRAISERSdotCOM. The website, which was the first of its kind at its inception in January 1999, provides world-wide advertising designed to help consumers and financial institutions quickly find real estate appraisers serving any county in the United States.

8. In creating the website, Mr. Darden sought the services of Sean Pecor d/b/a Digital Spinner. Mr. Pecor, with Mr. Darden's input, authored the website design and the graphics for the website in late 1997 through early 1998. Most notably, he authored the maps used on the website by consumers for navigation to find appraisers in their county. While Mr. Pecor started with publicly available census maps, he measurably altered each map from the digital originals. Mr. Pecor resized the maps and redrew many of the lines to create a more aesthetically pleasing graphic. He also manually created a three-dimensional effect by repeating certain portions of the outlines of the maps in different colors. Finally, he chose the map colors and fonts and authored labeling and call-outs. In March 1999, Mr. Pecor assigned all of his copyrights in the graphics, including the maps and the website, to Mr. Darden.

9. Plaintiff's maps that are the subject of the applications contain distinguishable variations from the publicly available census maps. These distinguishable variations are readily apparent to average consumers.

10. As Plaintiff's website has become increasingly successful, competitors have copied his graphics, the maps in particular. The use of his maps on other websites has caused confusion among consumers.

11. Evidence of confused consumers demonstrates that consumers identify something unique and recognizable in the design of these maps and that they associate the design with Plaintiff. If there was nothing unique and recognizable about the maps, they would be generic and

have no characteristics by which consumers could make an association. This uniqueness is strong evidence of some quantum of creativity in the maps. It necessarily follows that, if the maps are unique, they are creative and warrant copyright protection.

12. A distinguishable variation of a preexisting work passes the modicum of creativity required to meet the originality standard of the Copyright Act.

13. On May 17, 2002, Mr. Darden properly submitted two Form VA applications and deposits to the Copyright Office for the works entitled MAPS FOR APPRAISERSdotCOM and APPRAISERSdotCOM. In a letter dated May 30, 2002, Examiner Wayne E. Crist refused registration of these works. Mr. Crist asserted that the "map" lacked the authorship necessary to support a copyright claim. The application for the website as a "technical drawing" was rejected as the deposited work did not appear to contain any technical drawing.

14. On July 29, 2002, Mr. Darden properly sought reconsideration of the applications and provided additional and revised information, including a revised application with regard to APPRAISERSdotCOM. The revised application claimed the work as a "compilation and arrangement of maps, text, graphics, and data" instead of a "technical drawing." On August 21, 2002, Mr. Darden's attorney further clarified his request for reconsideration of the denial of registration. Virginia Giroux responded on behalf of the Examining Division again rejecting the applications, asserting that they did not contain sufficient authorship to receive copyright protection.

15. On April 30, 2003, Mr. Darden submitted a second request for reconsideration to the Board of Appeals. The Board of Appeals, of which Defendant is a member, again refused the applications for registration.

16. Mr. Darden has exhausted his administrative remedies, is dissatisfied with the decision of Defendant, and now timely appeals, seeking a judicial resolution from this Court on whether MAPS FOR APPRAISERSdotCOM and APPRAISERSdotCOM warrant copyright protection and federal registration pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.

### FIRST CLAIM
### REVIEW OF FINAL AGENCY DECISION 5 U.S.C. § 701-706

17. Plaintiff incorporates herein the allegations of Paragraphs 1 through 16.

18. Defendant has erroneously refused registration of MAPS FOR APPRAISERSdotCOM and APPRAISERSdotCOM.

19. Plaintiff is entitled to a review of the copyright applications and corresponding records before Defendant, as well as an opportunity to conduct discovery and present additional evidence and argumentation as to why MAPS FOR APPRAISERSdotCOM and APPRAISERSdotCOM warrant copyright protection and federal registration.

20. Defendant's actions have wrongfully deprived Plaintiff of its right to register his MAPS FOR APPRAISERSdotCOM and APPRAISERSdotCOM with the United States Copyright Office.

### PRAYER FOR RELIEF

Plaintiff respectfully prays the Court to:

A. Reverse and vacate Defendant's decision to refuse Plaintiff's registration;

B. Order Defendant to register MAPS FOR APPRAISERSdotCOM and APPRAISERSdotCOM;

C. Grant Plaintiff all of the relief as the Court may deem appropriate and permissible.

Respectfully submitted this the 7th day of September, 2004.

                              **Coats & Bennett, P.L.L.C.**
                              **Attorneys for Plaintiff**

By: _____
      Anthony J. Biller
      North Carolina State Bar No. 24,117
      David E. Bennett
      North Carolina State Bar No. 12,864
      1400 Crescent Green, Suite 300
      Cary, North Carolina 27511
      Telephone No.: (919) 854-1844
      Facsimile No.: (919) 854-2084